| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| United States of America | **MEMORANDUM & ORDER** |
| | 96-cr-912 (ERK) |
| – against – | |
| Audley Facey | |

KORMAN, *J.*:

    Audley Facey was convicted in 1997 of committing, attempting to commit, or conspiring to commit seven counts of Hobbs Act robbery. He was also convicted of four counts under 18 U.S.C. § 924(c). Facey committed these crimes between the ages of 18 and 20. I sentenced Facey to 188 months' imprisonment on the seven Hobbs Act counts, which was the bottom of the then-mandatory Guidelines range. I was compelled to sentence Facey to 65 years' imprisonment on the § 924(c) counts— five years for the first offense, and twenty-year mandatory consecutive sentences on the remaining three counts. In total, I sentenced Facey to nearly 81 years in prison, the functional equivalent of a life sentence. I lamented that it was a "staggering sentence, even given the nature of these crimes," and I have repeated that concern ever since. ECF No. 548-1 at 44; *see id.* at 78, 89; ECF No. 507 at 11.

    Facey now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which provides that:

1

>the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

The Second Circuit has held that, when reviewing a compassionate release motion brought by a prisoner, district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" and are not bound by Sentencing Guideline § 1B1.13 or its application notes. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court's discretion in this context is "broad," except that rehabilitation alone is not sufficient to reduce a sentence. *Id.* at 237–38. A defendant's "age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence" may "weigh in favor of a sentence reduction." *Id.* at 238.

After I sentenced Facey, Congress "clarified" in the First Step Act that it never intended for defendants to be subjected to twenty-year sentences under § 924(c) in a first prosecution under that law. *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). Thus, as the U.S. Attorney concedes, if Facey were sentenced today he would be subject to a <u>total</u> of 20 years' imprisonment on the four § 924(c) counts, rather than the 65 years he faced in 1998. ECF No. 551 at 7 n.4. And after

he was sentenced, the Supreme Court held that a court is free to sentence a defendant to one day on the non-924(c) counts. *Dean v. United States*, 137 S. Ct. 1170, 1177 (2017).

Courts have held that the disparity between the sentence a defendant received and the sentence he would face today can constitute an extraordinary and compelling reason to grant a sentence reduction. *See, e.g.*, *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020); *United States v. Reid*, 2021 WL 837321, at *5–6 (E.D.N.Y. Mar. 5, 2021); *United States v. Ellerby*, 95-cr-77 (CBA), ECF No. 172 at 5–7 (E.D.N.Y. Apr. 29, 2020); *United States v. Haynes*, 456 F. Supp. 3d 496, 514–16 (E.D.N.Y. 2020). I have agreed, including in a case involving Facey's co-defendant. *See United States v. Davis*, 2020 WL 6746823, at *2 (E.D.N.Y. Nov. 17, 2020); *see also United States v. Anglin*, 98-cr-1124 (ERK) (E.D.N.Y. Nov. 18, 2020); *United States v. DiGirolamo*, 2020 U.S. Dist. Lexis 196737, at *1 (E.D.N.Y. Oct. 22, 2020). Indeed, in *Brooker*, the Second Circuit favorably cited a district court opinion that granted a sentence reduction on the ground that the sentence was "overly long" due to the § 924(c) convictions. *Brooker*, 976 F.3d at 238 (citing *United States v. Maumau*, 2020 WL 806121, at *6–7 (D. Utah Feb. 18, 2020)).

The "drastic disparity" between Facey's sentence and the sentence he would receive today is one extraordinary and compelling reason to grant early release.

*Ellerby*, 95-cr-77, ECF No. 172 at 6. Facey has also demonstrated significant rehabilitation, as demonstrated by a remarkable letter from a Bureau of Prisons correctional counselor praising Facey for his "model behavior" and his work as an "inmate companion" who assists other prisoners' with mental health problems. ECF No. 548-1 at 196. Although his disciplinary record is hardly unblemished, Facey has completed a significant number of courses and has not had a serious disciplinary infraction in many years. *Id.* at 125, 140–99. I find that these considerations, taken together, are extraordinary and compelling reasons that warrant a sentence reduction.

Before reducing a defendant's sentence, I must also consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (internal citation omitted). "These factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities." *Id.*

The § 3553 factors strongly support a reduced sentence. I have consistently decried Facey's sentence, and the Second Circuit has agreed that it is "harsh." *United States v. Facey*, 201 F.3d 433, 1999 WL 1070012, at *2 (2d Cir. 1999) (table). Facey's 81-year sentence is substantially longer than any rational punishment for his

4

crimes. His co-defendants—including those more culpable than Facey—all received far lower sentences. The government has implicitly acknowledged that an 81-year sentence was not necessary, because it apparently offered Facey a plea that would have capped his sentencing exposure at 20 years. ECF No. 548 at 3; *see also* ECF No. 548-1 at 45–46; *Haynes*, 456 F. Supp. 3d at 517–18.

Under these circumstances, I conclude that a sentence of time served is appropriate. The sentence Facey has served—more than 28 years when taking into account credit for good time—is hardly lenient. *See* ECF No. 552. It is longer than the sentence I would likely impose if I were sentencing a young man in Facey's shoes today. *See Dean*, 137 S. Ct. at 1177. Facey has already served longer than the average sentence for a far more serious crime like murder.[1] And Congress itself, by clarifying § 924(c), "has now decided that [Facey] has served more than the appropriate sentence for his crimes." *Haynes*, 456 F. Supp. 3d at 517. The Bureau of Prisons is therefore ordered to release Facey from custody within 72 hours of this order.

---

[1] *See* U.S. SENTENCING COMM'N, 2020 Annual Report & Sourcebook of Federal Sentencing Statistics 64 tbl.15, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2020/2020-Annual-Report-and-Sourcebook.pdf.

"Whatever speculative risks of recidivism exist here are no greater than for any defendant who has served the time the legislature has decreed for the crimes committed." *Haynes*, 456 F. Supp. 3d at 517. Still, in consideration of the violent nature of the crimes Facey committed and to facilitate his transition from prison, I will extend the period of supervised release from three years to five. *See Brooker*, 976 F.3d at 237 (permitting a district court to "end the term of imprisonment but impose a significant term of probation or supervised release in its place") (internal citation omitted). Unless he has been fully vaccinated for Covid-19, Facey is ordered to quarantine at home for fourteen days.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
July 20, 2021

6